# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BOUCHARD, MERCEDES BOUCHARD,<br><br>    Plaintiff,<br>vs.<br><br>WINSTAR MORTGAGE PARTNERS, INC.; AWARD MORTGAGE, INC.; QUALITY LOAN SERVICES CORPORATION; et. al.,<br><br>    Defendant. | CASE NO. 10-CV-490-JLS-WVG<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>(Doc. No. 9) |

Presently before the Court is Aurora Loan Services LLC's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) or in the alternative, under Federal Rule of Civil Procedure 24(b)(2). (Memo. ISO Motion at 3.) Plaintiffs Kevin Bouchard and Mercedes Bouchard oppose Aurora's motion. (Opp. at 1.) For the reasons stated below, the Court **GRANTS** Aurora's Motion to Intervene.

### BACKGROUND

In July of 2007, Plaintiffs obtained a mortgage for $540,000.00 for the purchase of a home. (Compl. ¶ 7.) Plaintiffs' allege that misrepresentations made by Defendant Award Mortgage and Defendant Winstar during the loan origination process resulted in Plaintiffs obtaining an unaffordable mortgage. On December 4, 2009, Plaintiffs, "after they had difficulty making their mortgage payments," received a Notice of Default recorded by Defendant Quality Loan Services Corporation

(QLS), the trustee on the deed of trust and trustee for the unknown noteholder. (Compl. ¶¶ 15, 42.) On March 8, 2010, Plaintiffs filed a complaint against Defendants Winstar Mortgage Partners, Inc., Award Mortgage, Inc., Quality Loan Services Corporation, and Does 1 though 10. (Compl.) Plaintiffs' complaint presents six claims for relief: (1) intentional misrepresentation, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) constructive fraud, (5) quiet title, and (6) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. Aurora is an assignee claiming a beneficial interest in the deed of trust underlying the loan. (Memo. ISO Motion at 4.)

## ANALYSIS

On July 8, 2010, Aurora moved to intervene claiming a significantly protectable interest as assignee of the beneficial interest and as the loan servicer. *Id.* Plaintiffs oppose the motion to intervene arguing that Aurora has no significantly protectable interest and cannot be adversely affected by the pending litigation because Aurora has no ownership interest in the mortgage and all claims are related to the origination of the loan and the liability of the current owner of the loan. (Opp. at 3.)

**I.   INTERVENTION AS OF RIGHT**

   A.   Legal Standard

Federal Rule of Civil Procedure 24(a) provides in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to qualify for intervention as of right, a moving party must meet the requirements of a four part test: "(1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107–08 (9th Cir. 2002) (citing *Wetlands Action Network v. U.S. Army Corps of Eng'rs,* 222 F.3d 1105, 1113–14 (9th Cir. 2000) and *Sierra Club v. E.P.A.,* 995 F.2d 1478, 1481 (9th Cir. 1993)). The requirements for intervention as of right are interpreted liberally in favor of intervention. *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006). In

determining whether intervention is appropriate, well-pleaded nonconclusory allegations in the motion to intervene and the declarations in support of the motion must be taken as true, and a court may take notice of uncontroverted facts in pleadings and affidavits opposing intervention. *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 819–20 (9th Cir. 2001). This determination should be primarily guided by practical and equitable considerations. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

B. Discussion

1. *Aurora's Motion to Intervene is Timely*

A court considers three factors in determining whether a motion to intervene is timely: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir. 2002) (quoting *United States v. Washington,* 86 F.3d 1499, 1503 (9th Cir. 1996)). Courts should be lenient in determining whether a motion to intervene as a matter of right is timely. *See United States v. Oregon*, 745 F.2d 550, 552–53 (9th Cir. 1984).

First, the Court finds that Aurora filed its motion at an early stage of the proceeding. Aurora filed within two months of Plaintiffs' complaint, the only response that has been filed is a declaration of non-monetary status by Defendant QLS, and the Court has yet to make any substantive rulings. (Doc. Nos. 8 & 9.) The early stage of the proceedings weighs in favor of finding timeliness.

Further, given the early stage of the proceedings and the fact that no party has raised any objection grounded in prejudice, the possibility of Aurora's intervention creating prejudice to other parties is negligible. This factor has been recognized as the most important factor in determining the timeliness of a motion to intervene. *Oregon*, 745 F.2d at 552–53. As such, this factor favors finding timeliness.

Finally, only two months passed from the time Plaintiffs filed their complaint to the time Aurora filed its motion to intervene. This is not a delay such as would justify precluding intervention. *See Cont'l Ins. Co. v. Cota.*, 2008 WL 4848652, at *2 (N.D. Cal. 2008); *F.D.I.C. v. United States*,

1996 WL 413136, at *2 (D. Or. 1996).[1]

Considering all these circumstances, particularly the absence of prejudice to other parties, the Court finds Aurora's motion timely.

### 2. *Aurora has a Significantly Protectable Interest in the Subject Matter of Litigation*

Next the Court must determine if Aurora has "assert[ed] a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation." *Kootenai Tribe,* 313 F.3d at 1107. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly,* 159 F.3d at 409 (citing *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 837 (9th Cir. 1996)). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* at 410. A substantial interest as a third party beneficiary to an agreement may constitute a significantly protectable interest sufficient to establish intervention as of right. *See Sw. Ctr. for Biological Diversity,* 268 F.3d at 820.

Aurora claims that it has significantly protectable interests in its rights to receive payments under the loan and to initiate foreclosure in case of default as the loan servicer and the assignee of the beneficial interest under the deed of trust. (Memo. ISO Motion at 4.) It further asserts that Plaintiffs have encumbered Aurora's rights by filing and recording a notice of lis pendens. (Reply at 4.)

The Court finds that the rights at stake for Aurora are sufficient to establish a significantly protectable interest. *See Bey v. Sardariani*, 2009 WL 235043, at *2 (C.D. Cal. 2009) (finding a significantly protectable interest in a beneficial interest in property subject to litigation and a notice of lis pendens). Because Aurora's interests arise from and are protected by contract law, Aurora satisfies the requirement that the asserted interests be protected by law. It also satisfies the requirement of a relationship to Plaintiffs' claims because Plaintiff is attempting to quiet title to the property and to prevent "any successor or assignee claiming an ownership or beneficial interest in the

---

[1] While Aurora has failed to provide the date when they discovered Plaintiffs' action or any reason for a delay in filing its motion to intervene, these failures do not constitute significant deficiencies given the short time period.

note underlying [the] loan" from claiming bonafide purchaser status. (Compl. ¶ 42.)

### 3. *Disposition of the Action May Adversely Impair Aurora's Interests*

The third question is whether disposition of the action may adversely impair the interests of the applicant for intervention. *Sw. Ctr. for Biological Diversity,* 268 F.3d at 822. Generally, a party should be entitled to intervene if its interests would be "affected in a practical sense by the determination made in an action." *Id.*

Here, Plaintiffs' requested relief would invalidate any ownership or beneficial interest in the loan in which Aurora claims interests as assignee of the beneficial interest and as loan servicer. Clearly, Plaintiff's requested relief would affect Aurora's interests even if no damages are sought directly against Aurora.

### 4. *Aurora's Interests are Not Adequately Represented by Existing Defendants*

The final requirement is the putative intervenor's interests must not be adequately represented by existing parties. *Kootenai Tribe,* 313 F.3d at 1108. This is a minimal burden and is satisfied where the applicant demonstrates that representation of their interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)). The adequacy of representation is determined by three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 1086 (citing *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986)). "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Id.* at 1086 (internal citation omitted).

A simple comparison of Aurora's interests with the interests of existing parties demonstrates at least a possibility that Aurora will offer arguments or other necessary elements to the proceedings that existing parties would otherwise neglect. Defendant Winstar no longer holds an interest in the loan and Defendant Award would not be affected by Plaintiffs' failure to make payments or the foreclosure of the property. (Memo. ISO Motion at 4.) In contrast, Aurora's interests turn on the validity of the loan, the validity of the foreclosure of the property, and Plaintiffs' continued payments.

(Memo. ISO Motion at 4.) This compels the conclusion that no current party adequately represents Aurora's interests.

Having found that Aurora has met all requirements for intervention as of right, the Court **GRANTS** Aurora's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

## II.    PERMISSIVE INTERVENTION

Even if Aurora were not entitled to intervention of right, the Court would still permit it to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Rule 24(b) permits a court to allow anyone to intervene on a timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b). A party seeking permissive intervention must show that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly,* 159 F.3d at 412 (citing *Nw. Forest Res. Council,* 82 F.3d at 839). While permissive intervention is left to the broad discretion of the district court, the court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *See Donnelly,* 159 F.3d at 412; Fed. R. Civ. P. 24(b)(2).

Aurora meets all requirements for permissive intervention. First, it has established common questions of law and fact based in the validity of the loan documents and the foreclosure that are at the center of Plaintiffs' claims. (Memo. ISO Motion at 4.) Second, as discussed above, Aurora's motion is timely. Third, as Plaintiffs' claims rely on various federal statutes and Aurora directly disputes all claims, the Court has an independent basis for jurisdiction.

In addition to meeting the threshold requirements for permissive intervention, the Court finds that intervention will contribute to a full, just, and equitable adjudication of the legal and factual issues presented without unduly delaying litigation or unfairly prejudicing existing parties. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Therefore, even if Aurora were not entitled to intervention as of right, the Court would still grant Aurora's motion for permissive intervention.

//

//

**CONCLUSION**

For the reasons stated above, Aurora's motion to intervene is **GRANTED**. Further, Aurora **MAY FILE** its motion to dismiss <u>within 14 days of the date of this Order is electronically docketed</u>. Aurora **SHALL CALL CHAMBERS** to obtain a hearing date for that motion on the day they wish to file.

IT IS SO ORDERED.

DATED: August 10, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

.